# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br> v. <br><br> DOMINGO EDWARD OWEN, <br><br> Defendant/Petitioner. | CRIM CASE NO. 14cr990WQH <br> CIVIL CASE NO. 16cv2034WQH <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the motion under 28 U.S.C. § 2255 filed by Defendant/Petitioner. (ECF No. 43).

On April 06, 2014, Defendant/Petitioner entered a plea of guilty pursuant to a Plea Agreement to Count 1 of the Information charging Defendant with knowingly possession with intent to distribute methamphetamine in violation of 21 U.S.C. §841(a)(1). (ECF No. 16). In the Plea Agreement, Defendant/Petitioner admitted, in relevant part, that he knowingly possessed with intent to distribute methamphetamine. *Id.* at 3. The Plea Agreement further stated:

> In exchange for the Government's concessions in the plea agreement, defendant waives to the full extent of the law, any right to appeal or to collaterally attack the conviction. Defendant also waives to the full extent of the law, any right to appeal or to collaterally attack the sentence, including any restitution order, unless the Court: (1) denies defendant's request for a minor role reduction pursuant to USSG § 3B1.2(b), in which case defendant may only appeal the denial of minor role; or (2) imposes a custodial sentence above the high end of the guideline range as calculated by the Government, excluding any recommended variance.

*Id.* at 11.

The Presentence Report concluded that the Defendant/Petitioner "has not shown

that his role was any less culpable than others, which included the individuals who loaded the vehicle and instructed him to cross." Presentence Report at 6.

At the time of sentencing, the Court made detailed findings and concluded that Defendant did not meet his burden to prove that he was entitled to the minor-role adjustment. (ECF No. 35). After a three level reduction for acceptance of responsibility, the Court concluded that the total offense level was 35, the Criminal History Category was II and the guideline range was 121 to 135 months. The Court varied downward from the guideline range and imposed a term of imprisonment of 78 months. (ECF No. 27).

Defendant filed a timely notice of appeal on the grounds that the Court erred in the decision not to grant a minor role reduction.

On October 02, 2015, the Court of Appeals for the Ninth Circuit affirmed Defendant's sentence and stated:

> Owen asserts that the district court erred by declining to award a minor-role adjustment under U.S.S.G. § 3B1.2(b). We review a district court's interpretation of the Guidelines de novo and its determination that a defendant was not a minor participant for clear error. *See United States v. Hurtado*, 760 F.3d 1065, 1068 (9th Cir. 2014), *cert. denied,* 135 S.Ct. 1467 (2015). The record reflects that the court properly applied the Guidelines and our precedent, considering the totality of the circumstances as well as Owen's role in the smuggling operation. *See id.* 1068-69; *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011. The district court did not clearly error in denying the adjustment. *See Hurtado*, 760 F.3d at 1068-69.

*United States v. Owen*, 615 Fed. App'x 439, 440 (9th Cir. 2015).

On August 11, 2016, Defendant filed a motion under § 2255 to vacate, set aside, or correct his sentence. (ECF No. 43).

**CONTENTIONS OF THE PARTIES**

Defendant/Petitioner moves the Court to vacate his sentence on the grounds that this Court failed to apply a minor role adjustment. Defendant/Petitioner asserts that the new "minor role" amendment to the U.S.S.G. § 3B1.2 support his claim that he is entitled to the minor-role adjustment.

Plaintiff/Respondent United States of America contends that

1  Defendant/Petitioner triggered the minor-role appeal rights when he filed his appeal in
2  the Court of Appeals and that the § 2255 motion constitutes a collateral attack on the
3  sentence foreclosed by the waiver provision of the Plea Agreement.
4  Plaintiff/Respondent asserts that the minor-role findings by this district court were
5  adequately supported, and affirmed on appeal. Plaintiff/Respondent asserts that the
6  minor-role Amendment 794 does not apply retroactively to this case.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255.

## RULING OF THE COURT

In this case, the record shows that the Defendant/Petitioner has waived his right to collaterally attack his sentence under § 2255. In exchange for the Government's concessions in the Plea Agreement, the Defendant waived

> to the full extent of the law, any right to appeal or to collaterally attack the sentence, including any restitution order, unless the Court: (1) denies defendant's request for a minor role reduction pursuant to USSG § 3B1.2(b), in which case defendant may only appeal the denial of minor role; or (2) imposes a custodial sentence above the high end of the guideline range as calculated by the Government, excluding any recommended variance.

(ECF No. 16 at 11). While the Defendant/Petitioner reserved his right to appeal the denial of minor role, he waived his right to collaterally attack his sentence. This waiver is clear and express. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face and the waiver was knowing and voluntary. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007). Defendant/Petitioner makes no claim that the plea agreement was not

knowing and voluntary.

At the time of sentencing, the Government recommended an adjusted offense level of 29 and a resulting guideline range of 97-121 months. (ECF No. 22). The government recommended a sentence of 78 months. *Id.* The Court imposed a sentence of 78 months. (ECF No. 27). The sentence imposed was not above the high end of the guideline range as calculated by the Government at the time of sentencing. Pursuant to the terms of the Plea Agreement, the Defendant waived his right to collaterally attack his conviction and sentence in this case. In addition, the Defendant/Petitioner presents no grounds for relief under Section 2255 based upon Amendment 794.

U.S.S.G. § 3B1.2 provides in part, "Based on the defendant's role in the offense, decrease the offense level as follows: . . . (B) If the defendant was a minor participant in any criminal activity, decrease by 2 levels." U.S.S.G. § 3B1.2 On November 1, 2015, the United States Sentencing Commission issued Amendment 794 which amended the commentary to U.S.S.G. § 3B1.2. In *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), the Court of Appeals explained that "the Amendment generally adopted the approach of this Court and the Seventh Circuit, stating that when a district court conducts an assessment of whether a defendant is to be compared with other participant" in the crime, not with a hypothetical average participant." *Id*. at 523. The Court concluded that the Amendment was a clarifying amendment and "applies retroactively to direct appeals." *Id*.

In this case, the Court of Appeals affirmed the Defendant's sentence on October 2, 2015. At the time that Amendment 728 became effective, this case was not on direct appeal. At the time of sentencing, this Court detailed Defendant's role in the offense as compared to other participants in the crime and denied the minor role adjustment. On direct appeal, the Court of Appeals concluded that this Court properly applied the Guidelines, and did not err in denying the minor role adjustment. The Court of Appeals concluded that "the record reflects that the [district] court properly applied the Guidelines and our precedent, considering the totality of the circumstances as well as

1  Owen's role in the smuggling operation." *United States v. Owen*, 615 Fed. App'x 439,
2  440 (9th Cir. 2015). Defendant/Petitioner has failed to set forth any fact or law to
3  demonstrate that he is entitled to relief under 28 U.S.C. § 2255 to vacate, set aside, or
4  correct his sentence.

5  IT IS HEREBY ORDERED that the motion under 28 U.S.C. § 2255 filed by
6  Defendant/Petitioner (ECF No. 43) is denied.

7  DATED: January 13, 2017

**WILLIAM Q. HAYES**
United States District Judge